UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JHONNY REYNOLDS<br>    Plaintiff, | DOCKET NO. _____ |
| v. | |
| CITY OF NEW HAVEN | |
| FRANCISCO ORTIZ,<br>    New Haven Chief of Police,<br>    In Both His Individual and<br>    Official Capacity | |
| RONALD PRESSLEY<br>    In Both His Individual and<br>    Official Capacity | |
| CHARLES GARGANO<br>    In Both His Individual and<br>    Official Capacity | |
| MALCOM DAVIS<br>    In Both His Individual and<br>    Official Capacity | |
| TODD KELLEY<br>    In Both His Individual and<br>    Official Capacity | April 1, 2008 |
|     Defendants. | |

## **COMPLAINT**

This action is to redress the excessive and unreasonable use of force against the Plaintiff, Johnny Reynolds, by defendants, Ronald Pressley, Charles Gargano, Todd Kelley, all police officers of the New Haven Police Department, in violation of Mr. Reynolds' rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as enforced through 42 U.S.C. sections 1983 and 1988, and the deprivation of Mr. Reynold's liberty without the due process of law, in violation of the Fourteenth Amendment. Mr. Reynolds also asserts state law claims alleging

1

violations of the Connecticut Constitution article first, §§ 7 and 9; assault and battery; reckless and maliciousness; negligence; negligent infliction of emotional distress; intentional infliction of emotional distress; and municipal liability for the aforesaid under Connecticut General Statutes section 52-557n.

I.       JURISDICTION AND VENUE

1.      This Court has jurisdiction of the claims for deprivation of constitutional rights under 28 U.S.C. Sections 1331 and 1343; under 42 U.S.C. Sections 1983 and 1988; and this Court has supplemental jurisdiction over all state law claims under 28 U.S.C. Section 1367.

2.      Venue is Proper in this judicial district pursuant to 28 U.S.C. Section 1391 because: (1) all defendants reside within the judicial district, and (2) all of the events giving rise to this Complaint occurred in this judicial district.

II.      PARTIES

3.      The plaintiff, Jhonny Reynolds, is a resident of New Haven, County of New Haven and in the State of Connecticut.

4.      Defendant, the City of New Haven is a municipality in the County of New Haven created and existing as a political subdivision of and in the State of Connecticut.

5.      Defendant, the Chief of New Haven Police Francisco Ortiz, Jr. is and was at all times relevant hereto Chief of the New Haven Police Department, having his principal business address at One Union Avenue, New Haven, Connecticut and acted under color of statute, ordinance, regulation, custom or usage of the State of Connecticut.  Chief Ortiz is being sued in his official and individual capacity.

6.      Defendant, Police Officer Ronald Pressley, is and was at all times relevant hereto a police officer of the New Haven Police Department, having his principal

business address at One Union Avenue, New Haven, Connecticut and acted under color of statute, ordinance, regulation, custom or usage of the State of Connecticut. Police Officer Pressley is being sued in his official and individual capacity.

7.      Defendant, Police Officer Charles Gargano, is and was at all times relevant hereto a police officer of the New Haven Police Department, having his principal business address at One Union Avenue, New Haven, Connecticut and acted under color of statute, ordinance, regulation, custom or usage of the State of Connecticut. Police Officer Gargano is being sued in his official and individual capacity.

8.      Defendant, Police Officer Malcom Davis (Officer I.D. 143), is and was at all times relevant hereto a police officer of the New Haven Police Department, having his principal business address at One Union Avenue, New Haven, Connecticut and acted under color of statute, ordinance, regulation, custom or usage of the State of Connecticut. Police Officer Davis is being sued in his official and individual capacity.

9.      Defendant, Police Officer Todd Kelley, is and was at all times relevant hereto a police officer of the New Haven Police Department, having his principal business address at One Union Avenue, New Haven, Connecticut and acted under color of statute, ordinance, regulation, custom or usage of the State of Connecticut. Police Officer Kelley is being sued in his official and individual capacity.

III.    ALLEGATIONS OF FACTS

10.     On September 15, 2007, Mr. Reynolds attended the wedding reception of his niece at the COC Building located at or near the intersection of Goffe Street and Orchard Street, in New Haven, Connecticut.

11.     At around 2:00 a.m. in the morning on September 16, 2007, Mr. Reynolds drove to visit on his nephew at Hazel Street in New Haven.

12. Upon arrival at his nephew's residence at the Hazel Street Public Housing Complex, he parked his green 1995 Cadillac Deville in the rear parking lot of the complex.

13. At or around 3:30 in the morning on September 16, 2007, Mr. Reynolds was leaving said parking lot when he was approached by a man, whom Mr. Reynolds recalls as being between 25 and 30 years of age (hereinafter referred to as the "Assailant").

14. The Assailant put a gun in his face as he sat in the driver's side of the car; thereafter he was frisked for weapons by the Assailant and then instructed to get out of the car.

15. After Mr. Reynolds exited the car, the Assailant drove the car to the opposite side of the parking lot and in view of Mr. Reynolds turned the cabin light on and began searching the vehicle.

16. A second individual appeared at the opposite end of the parking lot near Mr. Reynolds' parked car and went to the Assailant who was sitting in the vehicle.

17. This second individual observed Mr. Reynolds watching the two of them, at that time he motioned to Mr. Reynolds.

18. Mr. Reynolds turned and ran toward a friends' house he knew to be on Shelton Avenue, near Dixwell Avenue.

19. In his flight, he fell and before he could rise several police officers were upon him, kicking him in the head, ribs, and arms.

20. During the beating another officer, took out a Billy Club and commenced beating Mr. Reynolds repeatedly.

21. Mr. Reynolds pleaded with the Police Officers to stop beating him.

22. After the beatings stopped, he was handcuffed and detained, until it was ascertained that the Assailant had been apprehended nearby.

23. As a direct and proximate result of the beatings by the Police Officers, Mr. Reynolds suffered a fractured cranium, a fractured left arm, two left side ribs, and broken teeth.

24. As a direct and proximate result of the beatings by the Police Officers, Mr. Reynolds has endured physical and emotional pain; he suffers from a fear of future medical complications, and an overall loss of life's enjoyment.

25. As a direct and proximate result of the beatings by the Police Officers, Mr. Reynolds has endured emotional distress and suffered mental anguish and anxiety.

26. As a direct and proximate result of the beatings by the Police Officers, Mr. Reynolds suffers a fear of future medical complications.

IV. <u>ALLEGATIONS</u>

27. Mr. Reynolds Incorporates the preceding factual allegations and alleges the following against the herein below identified Defendants by making such allegations against the Defendants in their individual and official capacities where such distinction is necessary.

COUNT I:   <u>AS TO DEFENDANT POLICE OFFICERS RONALD PRESSLEY, CHARLES GARGANO, MALCOM DAVIS, AND TODD KELLEY</u>: <u>Pursuant to 42 U.S.C. 1983</u>.

28. Paragraphs 1 through 27, inclusive of the foregoing are hereby incorporated as if recited in full herein.

29. Without probable cause Mr. Reynolds was arrested and suffered an excessive use of force in his detention by the Police Officers.

30. Mr. Reynolds was not charged with any crime.

31. The excessive force used by the Police Officers caused Mr. Reynolds to suffer severe personal injuries and emotional distress and caused him to be deprived of rights secured by the United States Constitution in one or more of the following ways:

A. The Police Officers used an excessive and unreasonable amount of force against Mr. Reynolds, in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as enforced through 42 U.S.C. Section 1983 and 1988;

B. The Police Officers acted toward Mr. Reynolds with the intent to deprive him of his liberty, privileges, or immunities without due process of law, in violation of Mr. Reynolds' rights under the Fourteenth Amendment of the United States Constitution; and

C. The Police Officers acted toward Mr. Reynolds with the intent to deprive him of his rights under the Fourth Amendment of the United States Constitution to be free of unreasonable arrest.

COUNT II: <u>AS TO DEFENDANT POLICE OFFICERS RONALD PRESSLEY, CHARLES GARGANO, MALCOM DAVIS, AND TODD KELLEY: VIOLATION OF CONNECTICUT STATE CONSTITUTION</u>.

32. Paragraphs 1 through 31, inclusive of the foregoing are hereby incorporated as if recited in full herein.

33. The Police Officers unlawfully deprived Mr. Reynolds of rights secured to him by the Connecticut Constitution by the excessive use and unreasonable use of force and arrest without probable cause were unlawful, in violation of Article First, sections 8 and 9.

COUNT III:   AS TO DEFENDANT POLICE OFFICERS JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, AND JOHN DOE 4: ASSAULT AND BATTERY.

34. Paragraphs 1 through 33, inclusive of the foregoing are hereby incorporated as if recited in full herein.

35. The Police Officers forcefully restrained, threatened and touched Mr. Reynolds with the intention of placing him in apprehension of imminent serious bodily harm or death.

36. The Police Officers intended to touch and did in fact touch Mr. Reynolds' person in a manner offensive and harmful to him.

37. As a result of the conduct of the Police Officers, Mr. Reynolds was in fact put in apprehension of imminent serious bodily harm or death.

38. The Conduct of the Police Officers constituted an assault and battery upon Mr. Reynolds.

39. The personal injuries and losses complained of by Mr. Reynolds were the direct and proximate result of said assault and battery.

COUNT IV:   AS TO DEFENDANT POLICE OFFICERS RONALD PRESSLEY, CHARLES GARGANO, MALCOM DAVIS, AND TODD KELLEY: RECKLESSNESS AND MALICIOUSNESS.

40. Paragraphs 1 through 39, inclusive of the foregoing are hereby incorporated as if recited in full herein.

41. The conduct of the Police Officers was not ordinary and customary for the arrest and detention of a criminal suspect.

42. The Police Officers were reckless and malicious in one or more of the following ways:

a. They arrested Mr. Reynolds was without legal or probable cause or justification;

7

  b. They restrained and assaulted Mr. Reynolds without justification or provocation;

  c. They each used excessive and unreasonable force against Mr. Reynolds and failed or refused to act to prevent each other defendant from using excessive and unreasonable force against Mr. Reynolds;

  d. The conduct of the Police Officers was done with the intent of inflicting bodily injury and without any useful purpose for the arrest and detention of a criminal suspect.

  43. The personal injuries and losses complained of by Mr. Reynolds were the direct and proximate result of said recklessness or maliciousness.

COUNT V: <u>AS TO DEFENDANT POLICE OFFICERS RONALD PRESSLEY, CHARLES GARGANO, MALCOM DAVIS, AND TODD KELLEY: NEGLIGENCE.</u>

  44. Paragraphs 1 through 43, inclusive of the foregoing are hereby incorporated as if recited in full herein.

  45. The Police Officers failed to observe the ordinary and usual standard of care in the apprehension and detention of a criminal suspect.

  46. The Police Officers failed to observe the customary and ordinary use of force proportional to the resistance of a criminal suspect.

  47. The Police Officers were negligent in one or more of the following ways:

  A. They arrested Mr. Reynolds without probable cause;

  B. They restrained and assaulted Mr. Reynolds without justification or provocation;

    C.    They each used excessive and unreasonable force against Mr. Reynolds and failed or refused to act to prevent each other from using excessive and unreasonable force against Mr. Reynolds;

48.    The personal injuries and losses of which Mr. Reynolds complains were the direct and proximate result of said negligence.

COUNT VI:  <u>AS TO DEFENDANT POLICE OFFICERS RONALD PRESSLEY, CHARLES GARGANO, MALCOM DAVIS, AND TODD KELLEY: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

49.    Paragraphs 1 through 48, inclusive of the foregoing are hereby incorporated as if recited in full herein.

50.    The Police Officers each knew or should have known that his acts and omissions as alleged herein involved and unreasonable risk of causing emotional distress to Mr. Reynolds.

51.    As a direct and proximate result of said acts or omissions, Mr. Reynolds suffered emotional distress.

COUNT VII:  <u>AS TO DEFENDANT POLICE OFFICERS RONALD PRESSLEY, CHARLES GARGANO, MALCOM DAVIS, AND TODD KELLEY: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

52.    Paragraphs 1 through 51, inclusive of the foregoing are hereby incorporated as if recited in full herein.

53.    The Police Officers intended to inflict severe emotional distress to Mr. Reynolds and each knew or should have known or acted with an intentional disregard of known facts to have known at all times that their acts would result in severe emotional distress to Mr. Reynolds.

54.    The actions of the Police Officers were extreme and outrageous in light of the facts herein previously alleged.

55. As a direct and proximate result of said acts or omissions, Mr. Reynolds suffered emotional distress.

COUNT VIII: <u>AS TO THE CITY OF NEW HAVEN CHIEF OF POLICE FRANCISCO ORTIZ, JR.</u>

56. Paragraphs 1 through 56, inclusive of the foregoing are hereby incorporated as if recited in full herein.

57. At all times relevant hereto, the Police Officers were under the command, control, and direction of the City of New Haven Police Department and its Chief, Francisco Ortiz.

58. Chief Ortiz failed to secure to Mr. Reynolds, unlawfully deprived Mr. Reynolds, or caused Mr. Reynolds to be unlawfully deprived of rights secured to him by the United States Constitution and 42 U.S.C. § 1983 and 1988 in one or more of the following ways:

    A. He failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the arrests of person by the Police Officers;

    B. He failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the use of force against persons by the Police Officers;

    C. He failed or refused to promulgate and enforce guidelines, regulations, policies, practices, procedures or customs regarding the training of the Police Officers in the performance of their duties and conduct toward persons;

    D. He failed or refused to recognize the dangerous and violent propensities of the Police Officers and to take corrective disciplinary or educational actions regarding such dangerous and violent propensities;

E. He failed or refused to recognize the emotional fatigue and stress of the Police Officers and to adequately address such fatigue and stress when he knew or should have known such a condition was likely to lead to the excessive use of force against individuals such as Mr. Reynolds.

59. The personal injuries and losses complained of by Mr. Reynolds were the direct and proximate result of such failure by the Chief Ortiz.

COUNT IX: <u>AS TO THE CITY OF NEW HAVEN CHIEF OF POLICE FRANCISCO ORTIZ, JR AS RESPONDENT SUPERIOR</u>

60. Paragraphs 1 through 59, inclusive of the foregoing are hereby incorporated as if recited in full herein.

61. As Respondent Superior and employer the City of New Haven Chief of Police, Francisco Ortiz, Jr. is liable for all injuries and losses suffered by Mr. Reynolds as the result of the herein alleged conduct of the Police Officers as to claims of negligence and negligent infliction of emotional distress.

COUNT X: <u>AS TO THE CITY OF NEW HAVEN AS RESPONDENT SUPERIOR</u>

62. Paragraphs 1 through 61, inclusive of the foregoing are hereby incorporated as if recited in full herein.

63. As Respondent Superior and employer the City of New Haven is liable for all injuries and losses suffered by Mr. Reynolds as the result of the herein alleged conduct of the Police Officers as to claims of negligence and negligent infliction of emotional distress.

COUNT XI: <u>AS TO THE CITY OF NEW HAVEN AS FOR NEGLIGENCE OF ITS AGENTS AND EMPLOYEES PURSUANT TO CONN. GEN. STAT. § 52-557n</u>

64. Paragraphs 1 through 63 inclusive of the foregoing are hereby incorporated as if recited in full herein.

65. At all times relevant hereto the Police Officers were acting as agents and employees of the City of New Haven in the performance of ministerial acts and duties.

66. The Police Officers were negligent in the performance of their ministerial acts and duties in one or more of the following ways:

A. They arrested Mr. Reynolds without probable cause;

B. They restrained and assaulted Mr. Reynolds without justification or provocation;

C. They each used excessive and unreasonable force against Mr. Reynolds and failed or refused to act to prevent each other from using excessive and unreasonable force against Mr. Reynolds.

67. At all times relevant hereto Chief of Police Francisco Ortiz was acting as an agent and employee of the City of New Haven in the performance of ministerial acts and duties.

68. Chief Ortiz was negligent in the performance of his ministerial acts or duties in any one or more of the following ways:

A. He failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the arrests of person by the Police Officers;

B. He failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the use of force against persons by the Police Officers;

C. He failed or refused to promulgate and enforce guidelines, regulations, policies, practices, procedures or customs regarding the training of the Police Officers in the performance of their duties and conduct toward persons;

D. He failed or refused to recognize the dangerous and violent propensities of the Police Officers and to take corrective disciplinary or educational actions regarding such dangerous and violent propensities;

E. He failed or refused to recognize the emotional fatigue and stress of the Police Officers and to adequately address such fatigue and stress when he knew or should have known such a condition was likely to lead to the excessive use of force against individuals such as Mr. Reynolds.

69. The personal injuries and losses of which Mr. Reynolds complains were the direct and proximate result of said negligence.

70. The City of New Haven is liable for the actions and conduct pursuant to Conn. Gen. Stat. § 52-557n.

COUNT XII: <u>AS TO THE CITY OF NEW HAVEN FOR INDEMNIFICATION PURSUANT TO CONN. GEN. STAT. § 7-465</u>

71. Paragraphs 1 through 71 inclusive of the foregoing are hereby incorporated as if recited in full herein.

72. The City of New Haven is liable to pay on behalf of its employees the Police Officers and Chief of Police Francisco Ortiz, all sums which each become obligated to pay by reason of liability being imposed upon such employee by law for damages awarded for the infringement of the civil rights and physical damages to the person or property of Mr. Reynolds pursuant to Conn. Gen. Stat. § 7-465.

WHEREFORE, the plaintiff, Jhonny Reynolds claims:

1. Monetary damages of not less than Two Million Dollars;

2. Punitive damages;

3. Attorney fees and costs provided by 42 U.S.C. § 1988;

4. Indemnification pursuant to Conn. Gen. Stat. § 7-465; and

5. Such other relief in law or equity as the Court may deem appropriate.

Dated at New Haven, Connecticut on this 1st Day of April 2008.

PLAINTIFF: JHONNY REYNOLDS

By: Glenn L. Formica, Ct. Fed. 21053
Formica, P.C.
27 Elm Street
New Haven, Connecticut 06510
Telephone: (203) 789-8456
Facsimile: (203) 787-6766
E-Mail: courts@formicalaw.com

## JURY DEMAND

The plaintiff, Jhonny Reynolds, hereby demands a jury trial on all Counts of this Complaint.